**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108742

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKISHA L TOLAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC,<br><br>Defendant. | Docket No: 15cv2293<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

LAKISHA L TOLAR, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and MIDLAND FUNDING, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. LAKISHA L TOLAR is an individual who is a citizen of the State of New York.

6. LAKISHA L TOLAR, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendants' principal place of business is located in San Diego, California.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore a debt collectors as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. On October 17, 2014, Defendant MIDLAND FUNDING, LLC purchased Plaintiff's alleged debt.

13. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant MCM, for collection.

14. In its efforts to collect the alleged debt, Defendant MCM contacted Plaintiff by written correspondence dated October 24, 2014, annexed hereto as "<u>Exhibit 1</u>."

15. MCM's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, the communication violated the FDCPA and NYGBL.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20. There is no requirement that the consumer dispute the debt in writing.

21. A collection notice that requires the consumer to dispute the debt in writing is violative of the FDCPA.

22. MCM's October 24, 2014 collection letter provides, on the back thereof, "All communication regarding this account should be addressed to MCM and not the previous owner."

23. MCM's October 24, 2014 collection letter provides, on the back thereof, in bold type-face, "**Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to:** 8875 Aero Drive, Suite 200, San Diego, CA 92123; Attn: Consumer Support Services." (Emphasis in original.)

24. MCM's requirement that all communication must be addressed to MCM is a violation of the FDCPA.

25. MCM's requirement that all communications concerning disputed debts must be mailed to MCM is a violation of the FDCPA.

26. Defendants' conduct violates 15 U.S.C. § 1692g(3).

27. Defendants' violation of 15 U.S.C. § 1692g(3) renders Defendants liable for statutory damages, costs, and reasonable attorneys' fees.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. A debt collector has the obligation, not just to convey the information required by

15 U.S.C. § 1692g, but also to convey such clearly.

30. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

31. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

32. Defendants' letter contradicts the validation notice in that it would make the "least sophisticated consumer" uncertain or confused as to her right to dispute the debt by something other than in writing.

33. Here, Defendants' letter overshadows the validation notice in that it would make the "least sophisticated consumer" uncertain or confused as to her right to dispute the debt by something other than in writing.

34. Defendants' conduct violates 15 U.S.C. § 1692g.

35. Defendants' violation of 15 U.S.C. § 1692g renders Defendants liable for statutory damages, costs, and reasonable attorneys' fees.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

39. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

40. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

41. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in

4

writing, it is deceptive within the meaning of the FDCPA.

42. The "least sophisticated consumer" would likely be deceived by Defendants' conduct.

43. The "least sophisticated consumer" would likely be deceived in a material way by Defendants' conduct.

44. Defendants have violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

45. Defendants' conduct violates 15 U.S.C. § 1692e.

46. Defendants' violation of 15 U.S.C. § 1692e renders Defendants liable for statutory damages, costs, and reasonable attorneys' fees.

## FOURTH COUNT
### Violation of New York General Business Law § 349

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. Defendants owed a duty to Plaintiff to effect their collection of Plaintiff's alleged debt with reasonable care.

49. Defendants' deception as described herein shows a lack of exercise of reasonable care in Defendants' collection of the alleged debt.

50. Defendants breached their duty to collect Plaintiff's alleged debt with reasonable care.

51. Defendants' conduct was committed by Defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

52. Defendants' conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

53. Defendants' conduct has a broader impact on consumers at large as, upon information and belief, Defendants have sent the subject form letter to hundreds of consumers.

54. Plaintiff is a reasonable consumer.

55. Defendants' conduct would mislead a reasonable consumer.

56. Defendants engaged in a material deceptive act or practice as described herein.

57. Defendants' conduct caused Plaintiff to suffer injury.

58. Defendants violated NY GBL § 349(a) and are liable to Plaintiff pursuant to NY

GBL § 349(h).

## CLASS ALLEGATIONS

59. Plaintiff, LAKISHA L TOLAR, brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a delinquent consumer debt using the same form collection letter used concerning Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA and NYGBL § 349.

60. Defendants regularly engage in debt collection, using the same form collection letter they sent LAKISHA L TOLAR, in their attempts to collect delinquent consumer debts from other persons.

61. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent LAKISHA L TOLAR.

62. LAKISHA L TOLAR claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

64. LAKISHA L TOLAR will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, LAKISHA L

TOLAR has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint LAKISHA L TOLAR as Class Representative of the Class, and her attorneys as Class Counsel; and

    c. Find that Defendants' form collection letter violates the FDCPA; and

    d. Grant statutory damages against Defendants pursuant to 15 U.S.C. § 1692k of $1,000.00; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant damages pursuant to NYGBL §349; and

    g. Grant Plaintiff's costs; together with

    h. Such other relief that the Court determines is just and proper.

DATED: April 21, 2015

        **BARSHAY SANDERS PLLC**

        By: _/s/ David M. Barshay_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 108742